OPINION OF THE COURT — by
chief justice TURNER
This is an appeal from the circuit court of Franklin county.
The appellant brought his action for- a malicious prosecution against the defendant; and on the trial befere the jury, evidence was given as well for the defendant as the plaintiff, and the defendant then moved the court to instruct the jury, that admitting all the testimony in favor of the plaintiff to be true, yet that the plaintiff had not shewn a want of probable cause in the prosecution which was the foundation of the present *446 action, which instruction as asked for by the counsel for the defendant, was opposed by the plaintiff’s counsel, but was given by the court, to which opinion the counsel for the plaintiff excepted.
The appellant assigns for error the charge of the court to the jury.
It is said in some of the elementary books that what shall be deemed probable cause, is a matter upon which the court shall decide, and not the jury — seeEsp. N.’P. 529 ; 2 Starkie’s Ev. 912. But in one T. R. 520, Buffer Justice said, that the question of probable cause isa mixed question of law and fact; whether the circumstances alledged to shew it probable or not existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.
In this case, there being evidence on both sides, and the evidence being contradictory, it was, surely, the province of the jury exclusively, to find the facts.' to determiné which was to be believed, the witnesses of the plaintiff or of the defendant, so that according to the English authorities, we think the charge of the court was incorreet. If, after the plaintiff had closed his case, and before the defendant had offered any evidence, the plaintiff had called on the court to say whether the plaintiff had shewn a want of probable cause, I think it, at least doubtful, whether the court should have so charged. I think the proper course for the court, would have been, in that case, to charge the jury, that if they should find such and such facts, then there was or was not probable cause, according to his opinion.
But our courts do not go as far as the courts in England, having less control over the facts in trials at law — sec. 4, Mun. 59; 2 Starkie, 912.
In the case referred to in Munford’s reports, it was held that the court ought not to instruct the jury that probable cause is proved, but should leave the weight of the testimony to the jury, unless the facts are argued by the pleadings, or submitted to the court by the parties — 4 Mun. 462.
In this case the facts are not found by the pleadings; and when the charge of the court was asked for by the defendant’s counsel it was objected to by the plaintiff.
From this view of the subject, we are of opinion that the judgment of the court below be reversed; that the verdict and judgment below be set aside, and a venire facias deyiovo be awardedand judgment against the appellee for the costs of this suit be to taxed.